# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

LAWRENCE FAUNTLEROY,
    Plaintiff,

v.

MAGISTRATE JUDGE J. CLAY FULLER,
    Defendant.

Civil Action No.
1:22-cv-00208-SDG

## **OPINION AND ORDER**

This matter is before the Court for consideration of the Final Report and Recommendation (R&R) entered by United States Magistrate Judge Regina D. Cannon [ECF 4], which recommends that this action be dismissed without prejudice. Plaintiff Lawrence Fauntleroy objected [ECF 6].

Fauntleroy is a detainee in the DeKalb County Jail.[1] Although the Complaint contains numerous allegations against numerous entities and individuals that are not named as defendants, Fauntleroy does not plead any facts related to any conduct by the named Defendant, United Magistrate Judge J. Clay Fuller.[2] Fauntleroy sought to proceed *in forma pauperis* (IFP).[3] In the R&R, Judge Cannon concluded that Fauntleroy is not eligible to proceed IFP because he has at least three "strikes" under 28 U.S.C. § 1915(g) and his current Complaint does not

---

[1] ECF 1, at 2.

[2] *See generally* ECF 1.

[3] ECF 2.

contain a plausible allegation that he is under imminent danger of serious physical injury.[4] Since he did not pay the necessary filing fee when he initiated this action, the R&R recommends that this action be dismissed without prejudice.[5] Fauntleroy's one-page objection asserts that he was unaware that the cases counting as "strikes" had been dismissed until the R&R was issued.[6] He contends at least three of the four cases identified in the R&R "have merit" but that he has been hampered by lack of access to a law library or lawyer.[7]

     A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd.*

---

[4]   ECF 4, at 1 (identifying as "strikes" *Fauntleroy v. Nugent*, No. 1:20-cv-779-SDG (N.D. Ga. dism. Sept. 18, 2020); *Fauntleroy v. Johnson*, No. 1:20-cv-1647-SDG (N.D. Ga. dism. Nov. 4, 2020); *Fauntleroy v. Georgia*, No. 1:20-cv-1652-SDG (N.D. Ga. dism. Nov. 4, 2020); *Fauntleroy v. Lyft Driver*, No. 1:20-cv-2269-SDG (N.D. Ga. dism. Nov. 4, 2020)).

[5]   *Id.* at 2.

[6]   ECF 6.

[7]   *Id.*

*of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). "'Frivolous, conclusive, or general objections need not be considered by the district court.'" *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [governing IFP proceedings] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Despite Fauntleroy's purported lack of knowledge of the dismissal of the cases identified in the R&R, each case was indeed dismissed as frivolous or for failure to state a claim. Fauntleroy's efforts to amend the pleadings in those cases were also rejected by the Court, and Fauntleroy did not appeal any of these rulings. Each Order issued by the Court was mailed to Fauntleroy by the Clerk's Office.[8] Moreover, there is at least one other case Fauntleroy initiated IFP in this Court that was dismissed as frivolous.[9]

---

[8] *See generally* Dockets, *Fauntleroy v. Nugent*, No. 1:20-cv-779-SDG; *Fauntleroy v. Johnson*, No. 1:20-cv-1647-SDG; *Fauntleroy v. Georgia*, No. 1:20-cv-1652-SDG; *Fauntleroy v. Lyft Driver*, No. 1:20-cv-2269-SDG.

[9] *Fauntleroy v. Jacobs*, Case No. 1:19-cv-5427-SDG.

Nothing in Fauntleroy's current objection identifies any legal or factual error in the R&R. Even on a *de novo* review, Fauntleroy would not be entitled to proceed IFP in this action because he has at least three strikes under 28 U.S.C. § 1915(g). The Complaint must therefore be dismissed without prejudice. If Fauntleroy wishes to proceed with these claims or any others he must submit the filing fee with his Complaint, unless he is in imminent danger of serious physical injury.

The R&R is **ADOPTED** as the Order of this Court. The Clerk is **DIRECTED** to **DISMISS** this case **WITHOUT PREJUDICE**.

**SO ORDERED** this 22nd day of February, 2022.

Steven D. Grimberg
United States District Court Judge